IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KENNETH JAY RANEY, SR.,

    Plaintiff,                                              ORDER

v.

                                                               15-cv-174-wmc

UNITED STATES OF AMERICA                 12-cr-100-wmc

       Plaintiff Kenneth Jay Raney, Sr. was convicted in the Northern District of Illinois on two counts:  Count 1 -- Transportation with intent to engage in a sexual act with a juvenile in violation of 18 U.S.C. § 2423(b), a Class C felony; and Count 2 -- Attempt to manufacture child pornography in violation of 18 U.S.C. § 2251(a), a Class C felony. On April 23, 2002, Raney was sentenced to serve two, concurrent 145-month terms of imprisonment, to be followed by concurrent three-year terms of supervised release.  On February 10, 2012, Raney began his supervised release.  On July 27, 2012, jurisdiction of his supervision was transferred to this court.

       On October 8, 2014, this court held a hearing on the probation office's petition for judicial review of his supervised release.  Following the hearing, the court ordered the period of supervised release revoked and committed Raney to the custody of the Bureau of Prisons for a term of imprisonment of 9 months with a 24-month term of supervised release to follow.  (Dkt. # 25.)  on October 14, 2014, Raney filed a notice of appeal, which is currently pending before the Seventh Circuit Court of Appeals.  *United States v. Raney*, No. 14-3265 (7th Cir., filed Oct. 14, 2014).

On March 17, 2015, Raney filed three motions. He requested a new judge and a new hearing related to his revocation order (dkt. #40), as well as a stay of the revocation pending his Seventh Circuit appeal (dkt. #39). The court resolves those motions today in a separate order. Finally, in an apparent "belt and suspenders" approach to attacking the court's revocation order, Raney also filed a *pro se* Motion to Vacate that order under 28 U.S.C. § 2255 (dkt. #41), that is the subject of this order.

At best, Raney's Motion to Vacate Under 28 U.S.C. § 2255 is premature. In his motion, Raney does not seek to attack his underlying convictions, which have long since run their course on direct appeal. Instead, he seeks to bring a collateral attack on the court's revocation order while his direct appeal is still pending.

Absent extraordinary circumstances, district courts should not entertain § 2255 appeals while a direct appeal is pending because the disposition of the appeal may render the § 2255 motion moot. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993). Whether extraordinary circumstances exist "depends upon the balancing of the need for speedy relief against the need for conservation of judicial recourses," and is left to the district court's discretion. *United States v. Davis*, 604 F.2d 474, 484 (7th Cir. 1979). As Raney's appeal does not present such extraordinary circumstances, the court will not consider his § 2255 motion at this time.

Raney's premature filing will not hinder his ability to file a § 2255 appeal after his appeal is decided because a § 2255 motion that is dismissed without a decision on the merits does not count as an initial motion for the purpose of invoking the second or

successive collateral attack rule. *O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998).

ORDER

IT IS ORDERED that Plaintiff's Motion to Vacate Under 28 U.S.C. § 2255 is DENIED and this matter is DISMISSED because it was filed while his direct appeal is pending.

Entered this 11th day of June, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge